IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERROL ANTHONY WRIGHT, #187618   *
  A#036 363 051
                Petitioner,           *

    v.                                     *   CIVIL ACTION NO. DKC-09-2840

U.S. DEPARTMENT OF HOMELAND    *
  SECURITY
                Respondent.         *
                                       ***

## **MEMORANDUM OPINION**

According to the facts set out in this 28 U.S.C. § 1361 Petition for writ of mandamus, Petitioner, who is currently housed in the Maryland Division of Correction ("DOC") at the Roxbury Correctional Institution ("RCI"), was convicted of various state court offenses in 1991 and 1998. Paper No. 1 at p. 5. In July of 2009, the U. S. Department of Homeland Security ("DHS") issued an immigration detainer (notice of action) to the RCI Warden pursuant to 8 C.F.R. § 287.7(a). The detainer charged Petitioner as being subject to removal from the United States by alleging that:

(1) Petitioner is a native of Jamaica who was admitted to the United States as a permanent resident alien on September 4, 1977;

(2) in February of 1991 Petitioner was convicted of two counts of assault with intent to murder and use of handgun in a crime of violence and sentenced to two concurrent thirty-year terms in the Circuit Court for Prince George's County;

(3) in April of 1998 Petitioner was convicted of second-degree assault on a DOC employee and sentenced to a term of five years in the Circuit Court for Anne Arundel County; and

(4) the criminal convictions subject Petitioner to deportation as they constitute aggravated felonies, two crimes of moral turpitude not arising out of a single scheme of criminal misconduct, and unlawful possession or carrying a firearm under immigration law and federal criminal statute.

Paper No. 1 at p. 5.

In pertinent part, § 287.7(a) provides,

> A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.1987). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Petitioner must show that: he has the clear and indisputable legal right to the relief sought; Respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

The Petition shall be summarily dismissed. Petitioner fails to allege any facts suggesting that the lodging of an DHS detainer based upon his alienage deprives him of due process. He does not deny his alien status. He merely asserts that he received the immigration detainer on July 2,

2009, has no desire to be deported because "I love this country," and wants the court to ensure he receive a speedy hearing to be conducted before his release date.

Further, the Interstate Agreement on Detainers, 18 U.S.C. App. § 2, is not implicated by a civil detainer or hold issued by the DHS. *See United States v. Gonzalez-Mendoza*, 985 F.2d 1014, 1016 (9th Cir. 1983); *Cabrera –Delgado v. United States*, 111 F.Supp.2d 415, 417 (S. D. N. Y. 2000).

Moreover, Petitioner has no entitlement to an immediate determination of the removal issue by immigration officials.[1]  He continues to serve his thirty-year sentence imposed in 1991. Petitioner's continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and Petitioner has no private right of action to compel his immediate removal or immediate consideration for removal prior to the completion of his term of incarceration. *See Escobar v. U.S. Dept. of Justice*, 2005 WL 1060635 (E.D. Pa. May 5, 2005) (no cause of action to compel resolution of immigration detainer).

For the aforementioned reasons, the Petition shall be dismissed. A separate Order shall be entered following the reasoning of this Memorandum Opinion.


Date:  November 2, 2009              _____/s/_____
                                     DEBORAH K. CHASANOW
                                     United States District Judge

---

[1] According to the attachments, Petitioner signed a request for a prompt hearing on September 3, 2009. Paper No. 1 at 3.